UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ORTHOPAEDIC & SPINE CENTER, LLC,**

    **Plaintiff,**

    v.                                              Case No.: 2:16-cv-0893
                                                   JUDGE GEORGE C. SMITH
                                                   Magistrate Judge Chelsey M. Vascura

**JIMMY M. HENRY, M.D.,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court upon the Motion to Dismiss of Defendants Jimmy M. Henry, Midwest Spine and Pain Consultants, LLC, and Christina M. Hikida ("Defendants' Motion to Dismiss") (Doc. 14). The motion is fully briefed and ripe for disposition. For the following reasons, the Motion to Dismiss is **GRANTED**.

### I.    BACKGROUND

Plaintiff Orthopaedic & Spine Center, LLC ("OSC") is a professional medical practice company engaged in the business of pain management in the Columbus, Ohio area. (Doc. 1, Compl. ¶ 1). In June 2010, OSC entered into an employment agreement with Defendant Jimmy M. Henry, a medical doctor who resides in the Columbus, Ohio area. (*Id.* ¶¶ 3, 12). The employment agreement contained the following choice of law and forum selection clause:

> **Applicable Laws**. This Agreement shall be interpreted and enforced in accordance with the laws of the State of Ohio. The parties agree that venue will be in the Court of Common Pleas in Franklin County in the state of Ohio.

(Doc. 1-1, Employment Agreement § 28).[1] Defendant Christina M. Hikida was also employed by OSC as Administrative Coordinator and also resides in the Columbus, Ohio area. (Doc. 1, Compl. ¶¶ 5, 30). The only agreement involving Hikida relevant to this dispute is a confidentiality agreement which does not contain a forum selection clause. (*Id.* ¶ 34; Doc. 1-4, Confidentiality Agreement). First Henry and then Hikida left their employment with OSC and went to work for Midwest Spine and Pain Consultants, LLC ("MSPC") in late 2014/early 2015.

On September 16, 2016, OSC filed its Complaint in this Court against Henry, Hikida, and MSPC. OSC alleged that Henry created MSPC to compete with OSC in violation of his employment agreement, and that Henry and Hikida misappropriated OSC's trade secrets to further MSPC's interests. OSC's Complaint contains six counts: (1) Ohio statutory misappropriation of trade secrets; (2) Ohio common law misappropriation of trade secrets; (3) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.* (the "CFAA"); (4) breach of contract; (5) breach of the duty of loyalty; and (6) conversion. Defendants filed a counterclaim seeking various declaratory judgments relating to the interpretation of Henry's employment agreement and Hikida's confidentiality agreement, as well as breach of Henry's employment agreement stemming from allegedly unpaid employment compensation. (Doc. 6, Am. Answer and Countercl.).

All three Defendants now seek to dismiss the instant action pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, the doctrine of forum non conveniens. (Doc. 14, Mot. to Dismiss at 1). Defendants' asserted grounds for both dismissal mechanisms rest on the forum selection clause in Henry's employment agreement naming the Franklin County Court of Common Pleas as the proper venue.

---

[1] The clause actually reads, "[t]e [*sic*] parties argue [*sic*] that venue will be . . ."; but Defendants assert, and Plaintiff does not contest, that the clause was meant to read as stated above. (Doc. 14, Mot. to Dismiss at 10).

## II. STANDARD OF REVIEW

### A. Rule 12(b)(6)

Defendants initially seek dismissal under Rule 12(b)(6). However, it is far from clear that Rule 12(b)(6) is a proper vehicle to enforce forum selection clauses. *E.g.*, *Lawson Steel, Inc. v. All State Diversified Prod., Inc.*, No. 1:10-CV-1750, 2010 WL 5147905, at *3 (N.D. Ohio Nov. 23, 2010) (describing the enforcement of forum selection clauses via Rule 12(b)(6) as a "minority view"). The Sixth Circuit previously implied in dicta that such clauses may be enforced via Rule 12(b)(6) in *Langley v. Prudential Mortgage Capital Co., LLC*:

> While we would find the forum selection clause enforceable, Defendant has not yet moved for enforcement of the clause through either a motion to transfer venue under 28 U.S.C. § 1404(a) or a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

546 F.3d 365, 369 (6th Cir. 2008). However, more recently, the Sixth Circuit recognized that in *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568 (2013), the Supreme Court found no need to apply its analysis of forum selection clauses to Rule 12(b)(6). *Smith v. Aegon Cos. Pension Plan*, 769 F.3d 922, 934 (6th Cir. 2014). To date, neither the Sixth Circuit nor the Supreme Court has squarely addressed the question.

This uncertainty is reflected in the trial court decisions in this Circuit. *See*, *e.g.*, *C. Micropower Grp. v. Ametek, Inc.*, 953 F. Supp. 2d 801, 806 (S.D. Ohio 2013) (Rose, J.) (holding Rule 12(b)(6) an appropriate avenue for enforcing forum selection clauses); *Angiosystems, Inc. v. Worldwide Innovations & Techs., Inc.*, No. 1:15-CV-78, 2016 WL 919001, at *3 (E.D. Tenn. Mar. 4, 2016) (same); *Thorrez Indus., Inc. v. LuK Transmissions Sys., LLC*, No. 5:09-CV-01986, 2010 WL 1434326, at *3 (N.D. Ohio Apr. 8, 2010) (same); *Lawson Steel, Inc. v. All State Diversified Prod., Inc.*, No. 1:10-CV-1750, 2010 WL 5147905, at *3 (N.D. Ohio Nov. 23, 2010) (holding Rule 12(b)(6) an improper avenue for enforcing forum selection clauses); *Am.

3

*Greetings, Corp. v. Cookie Jar Entm't, Inc.*, No. 1:09-CV-1056, 2009 WL 3713686, at *2–3 (N.D. Ohio Nov. 3, 2009) (same).

Because, as discussed below, the Court will grant Defendants' Motion on the basis of forum non conveniens, the Court need not decide whether the forum selection clause compels dismissal under Rule 12(b)(6). The absence of clear guidance from higher courts only bolsters the Court's decision to refrain from conducting a Rule 12(b)(6) analysis.

**B.     Forum non conveniens**

Unlike Rule 12(b)(6), the Supreme Court has confirmed that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of forum non conveniens." *Atl. Marine*, 134 S. Ct. at 580. "Under the common law doctrine of forum non conveniens, a district court may decline to exercise its jurisdiction, even though the court has jurisdiction and venue." *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 492 (6th Cir. 2016). As explained by the Supreme Court, the doctrine is "a supervening venue provision, permitting displacement of the ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined." *Am. Dredging Co. v. Miller*, 510 U.S. 443, 453 (1994).

OSC therefore misses the mark in its opposition brief when it argues that the doctrine of forum non conveniens is not applicable because the Court has federal question subject-matter jurisdiction (owing to OSC's lone federal claim under the CFAA). (Doc. 16 at 5–7). Indeed, forum non conveniens only becomes relevant if a federal court has (or may have) jurisdiction—if subject-matter jurisdiction were affirmatively found lacking, the case would be dismissed immediately on that ground. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Thus, it is only in cases such as this one where subject-matter jurisdiction appears well founded that forum non

4

conveniens comes into play. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947) ("The principle of forum non conveniens is simply that a court may resist imposition upon its jurisdiction *even when jurisdiction is authorized* by the letter of a general venue statute.") (emphasis added).

Yet, as correctly pointed out by Defendants, the Court need not affirmatively find that it has subject-matter jurisdiction over the case before applying the forum non conveniens framework. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007). Confirming jurisdiction is "vital only if the court proposes to issue a judgment on the merits." *Id.* at 431 (quoting *Intec USA, LLC v. Engle*, 467 F.3d 1038, 1041 (7th Cir. 2006)). In contrast, "[a] forum non conveniens dismissal denies audience to a case on the merits; it is a determination that the merits should be adjudicated elsewhere." *Id.* at 432 (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)). "A district court therefore may dispose of an action by a forum non conveniens dismissal, bypassing questions of subject-matter and personal jurisdiction, when considerations of convenience, fairness, and judicial economy so warrant." *Id.*

Here, the Court certainly has federal question subject-matter jurisdiction over OSC's CFAA claim under 28 U.S.C. § 1331, and almost certainly has supplemental subject-matter jurisdiction over OSC's state law claims because they are "so related" to the CFAA claim "that they form part of the same case or controversy" under 28 U.S.C. § 1367. Personal jurisdiction and venue are also in all likelihood proper given that all parties are residents of, and the relevant events occurred in, this District. *Conn v. Zakharov*, 667 F.3d 705, 714 (6th Cir. 2012); 28 U.S.C. § 1391. Nor have Defendants challenged any aspects of this Courts' jurisdiction. But because the forum non conveniens analysis does not depend on a prior finding of jurisdiction, the Court will merely presume that jurisdiction and venue are proper.

### 1. General forum non conveniens standard

A dismissal based on forum non conveniens is justified when an adequate alternative forum is available and the public and private factors enumerated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508–09 (1947), demonstrate that the plaintiff's chosen forum is unnecessarily burdensome to a defendant or a district court. *Zions First Nat. Bank v. Moto Diesel Mexicana, S.A. de C.V.*, 629 F.3d 520, 523 (6th Cir. 2010).

The analysis involves three steps. *Hefferan*, 828 F.3d at 493. First, the court determines the amount of deference to be accorded the plaintiff's choice of forum. *Id.* Generally, the plaintiff's choice of its home forum is accorded substantial deference because it is assumed to be convenient. *Id.*

Step two requires the defendant to establish the availability of an adequate alternative forum. Ordinarily, this requirement will be satisfied when the defendant is amenable to process in the other jurisdiction. *Solari v. Goodyear Tire & Rubber Co.*, 654 F. App'x 763, 766 (6th Cir. 2016) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981). "In rare cases an alternative forum may provide a remedy so 'clearly inadequate or unsatisfactory that it is no remedy at all'—for example 'where the alternative forum does not permit litigation of the subject-matter of the dispute.'" *Id.* (quoting *Piper Aircraft*, 454 U.S. at 254 & n.22 (1981)). "Law that is simply less favorable to the plaintiff in the alternative forum is not so extraordinary as to render that forum inadequate." *Hefferan*, 828 F.3d at 495.

Step three requires the court to consider the private and public interests implicated by dismissal or retention of the case in the plaintiff's chosen forum. *Hefferan*, 828 F.3d at 493. The relevant private and public factors include access to witnesses and evidence; availability of compulsory process; cost of obtaining witnesses, willing or otherwise; administration difficulties

for the trial court; local interest in the litigation; and the law applicable to the controversy. *Id.* (citing *Gulf Oil*, 330 U.S. at 508–09).

If a defendant succeeds in its forum non conveniens challenge, the action must be dismissed. *Atl. Marine*, 134 S. Ct. at 583 n.8.

### 2. Modified forum non conveniens standard in the presence of a forum selection clause

The Supreme Court has explained that when an enforceable forum selection clause is involved, the forum non conveniens analysis is altered. *Atl. Marine*, 134 S. Ct. at 581. First, the plaintiff's choice of forum is accorded no deference. *Id.* Ordinarily, a plaintiff may exercise its "venue privilege" by choosing among the available forums where jurisdiction and venue are proper. "But when a plaintiff agrees by contract to bring suit only in a specified forum—presumably in exchange for other binding promises by the defendant—the plaintiff has effectively exercised its 'venue privilege' before a dispute arises." *Id.* at 582. As the party defying the forum selection clause, the plaintiff bears the burden of demonstrating why the case should not proceed in the agreed-upon forum. *Id.*

Second, the parties' private interests are given no consideration. *Id.* "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Id.* Therefore, as the plaintiff's choice of forum and the parties' private interests carry no weight, all that remains is for the court to evaluate the public interest factors. *Id.* "Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.*[2]

---

[2] Although *Atlantic Marine* dealt with a motion for transfer from one federal district court to another, the Supreme Court confirmed that district courts should apply the same modified forum non conveniens analysis regardless of whether the forum selection clause specifies another federal district or a state or foreign venue. 134 S. Ct. at 580.

7

# III. DISCUSSION

The forum non conveniens framework varies for each Defendant depending on whether they were a party to the contract containing the clause. The Court will thus apply the modified forum non conveniens analysis to OSC's claims against Henry, and then apply the standard forum non conveniens analysis to OSC's claims against Hikida and MSPC.

The Court notes that in responding to Defendants' Motion to Dismiss, OSC took an ill-considered risk to forgo responding substantively to Defendants' forum non conveniens arguments. Instead, OSC spent the entirety of its opposition brief arguing that the forum non conveniens doctrine is inapplicable when federal question subject-matter jurisdiction exists. (Doc. 16, *passim*). As explained above, this argument is completely without merit. Therefore, OSC has essentially provided no opposition to Defendants' Motion.

## A. Claims against Henry

### 1. The forum selection clause is mandatory and enforceable.

OSC's claims against Henry are governed by a forum selection clause naming the Franklin County Court of Common Pleas as the venue for any disputes arising out of the interpretation and enforcement of Henry's employment agreement with OSC. (Doc. 1-1, Employment Agreement § 28, "The parties agree that venue will be in the Court of Common Pleas in Franklin County in the state of Ohio.").

The clause's mandatory nature is evident from the mandatory phrase "venue *will* be in [Franklin County]" (as opposed to a permissive term, such as "may," which would indicate the parties' agreement that the action *could* be brought in Franklin County but need not be). *Hewitt*

---

The only difference is that when transfer is granted pursuant to a forum selection clause to another federal district under 28 U.S.C. § 1404(a), the original venue's choice-of-law rules will not follow the case to the transferee venue, as they would absent the forum selection clause. *Id.* at 582. This difference of course has no relevance when the proposed alternative forum is a state or foreign venue, because choice-of-law rules would not follow the case even absent a forum selection clause.

*v. Helms,* 459 U.S. 460, 471 (1983) (referring to "shall," "will," and "must" as "language of an unmistakably mandatory character"). But even if the clause is mandatory, the Court must still decide whether the clause should be enforced. *Blissfield Mfg. Co. v. Blue H2O Sols.*, LLC, No. 12-15610, 2013 WL 5450289, at *4 (E.D. Mich. Sept. 30, 2013).

"[F]orum-selection clauses generally are enforced by modern courts unless enforcement is shown to be unfair or unreasonable." *Sec. Watch, Inc. v. Sentinel Sys., Inc.*, 176 F.3d 369, 374–75 (6th Cir. 1999). When evaluating the enforceability of a forum selection clause, courts look to the following factors: (1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust. *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 825–26 (6th Cir. 2009).

In this case, there has been no allegation of fraud or duress, and Franklin County is certainly capable of fairly handling an action primarily comprising Ohio state law claims between Franklin County residents. In terms of inconvenience to the parties, the Franklin County courthouse is less than one mile away from the seat of this Court; thus there will be virtually no difference in terms of travel required by the parties, arranging for attendance of witnesses, transporting physical evidence, etc. The Court therefore has no trouble enforcing the forum selection clause in Henry's employment agreement.

### 2. The forum selection clause applies to all claims against Henry.

Although the forum selection clause may appear on its face to be limited to the "interpret[ation] and enforce[ment]" of Henry's employment agreement, public policy requires that forum selection clauses be given a broad reading. *Travelers Prop. Cas. Co. of Am. v. Centimark, Corp.*, No. 2:04-CV-0916, 2005 WL 1038842, at *2 (S.D. Ohio May 3, 2005)

(Holschuh, J.). "If forum selection clauses are to be enforced as a matter of public policy, that same public policy requires that they not be defeated by artful pleading of claims." *Id.* (quoting *Terra Intern., Inc. v. Mississippi Chemical Corp.,* 922 F.Supp. 1334, 1379 (N.D.Iowa 1996)). "Thus, even where a forum selection clause does not explicitly govern a given cause of action, courts will inquire into whether the other claims are sufficiently related to the claim that is specifically covered by the clause." *Id.*

Expanding the clause's scope to extra-contractual claims is warranted when the claim is "substantially related to the contract claim in terms of factual and legal issues." *Id.* (citing *Lambert v. Kysar,* 983 F.2d 1110, 1121-1122 (1st Cir.1993); *Manetti-Farrow, Inc. v. Gucci America, Inc.,* 858 F.2d 509, 514 (9th Cir.1998)). *See also Kresser v. Advanced Tactical Armament Concepts, LLC*, No. 3:16-CV-255, 2016 WL 4991596, at *3 (E.D. Tenn. Sept. 16, 2016) (extra-contractual claims encompassed by forum selection clause "if the tort claims involve the same operative facts as a parallel claim for breach of contract.").

OSC's extra-contractual claims against Henry (misappropriation of trade secrets, violation of the CFAA, breach of the duty of loyalty, and conversion) all involve the same factual and legal issues as OSC's breach of contract claim. All claims, contractual or otherwise, concern Henry's work for MSPC and the alleged misuse of OSC's confidential information. The same witnesses and evidence will be required to prove the contractual and extra-contractual claims. All of OSC's claims against Henry are therefore sufficiently related to the breach of contract claim to be encompassed by the forum selection clause.

### 3. Modified forum non conveniens analysis

Having determined that all of OSC's claims against Henry are subject to a mandatory, enforceable agreement naming the Franklin County Court of Common Pleas as the parties' chosen venue, the Court now undertakes the forum non conveniens analysis as modified by the

10

presence of a valid forum selection clause. As explained above, a forum selection clause alters the general forum non conveniens analysis by eliminating any deference to the plaintiff's choice of forum in step one and eliminating any consideration of the parties' private interests in step three. Therefore, all that remains to consider is Defendants' showing of an adequate alternative forum (step two) and the public interests implicated by retaining or dismissing the case (step three).

Defendants have established that the Franklin County Court of Common Pleas is an adequate alternative venue. All Defendants are amenable to process there just as they were in this Court. Further, all of OSC's claims may be litigated in Franklin County. Five of OSC's claims are brought under state law, making an Ohio state court the default forum for such claims. The sixth, for violation of the federal CFAA, may also be litigated in state court. As pointed out by Defendants, federal courts do not have exclusive jurisdiction over CFAA claims. *Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 477–78 (1981) (in the absence of statutory provision limiting jurisdiction to federal courts, state courts are presumed to have concurrent jurisdiction over federal claims).

Moreover, the relevant public interests do not weigh against enforcement. As the case consists primarily of state law claims arising out of events taking place in Franklin County, the local state court has an interest in adjudicating the litigation. And Ohio law will apply regardless of whether the case is heard here or in state court. *Hefferan*, 828 F.3d at 493 (citing *Gulf Oil*, 330 U.S. at 508–09). Thus, this is not one of the "unusual cases" in which public interest factors are strong enough to defeat the parties' pre-selection of an alternative forum. *Atl. Marine*, 134 S. Ct. at 581.

In light of these factors, and in light of OSC's failure to advance any arguments that Franklin County is an inadequate forum or that public interest factors require the case to remain before this Court, OSC's claims against Henry must be dismissed.

**B.     Claims against Hikida and MSPC**

Hikida and MSPC are not parties to Henry's employment contract with OSC. Defendants fail to make this distinction in their Motion, lumping Defendants together and seeking dismissal of claims against all three based on Henry's forum selection clause. (Doc. 14, Defs.' Mot. at 6). But the plain language of the clause limits its application to "this Agreement," i.e., the employment agreement between OSC and Henry. Nothing in the forum selection clause indicates it is intended to apply to claims by OSC against anyone but Henry. Nor have Defendants identified any other forum selection agreements relevant to this case. Hikida and MSPC therefore lack the right to require OSC to litigate the claims in Franklin County on a contractual basis. However, the general forum non conveniens analysis remains available to them. *See Kresser*, 2016 WL 4991596, at *5 (applying general forum non conveniens analysis to claims not governed by a forum selection clause but related to claims that were so governed).

**1.     General forum non conveniens analysis**

The first step of the general forum non conveniens analysis is to decide what degree of deference is owed to OSC's choice of this Court. Ordinarily, a plaintiff's choice of its home forum is accorded substantial deference, as the choice is presumed to be convenient. *Hefferan*, 828 F.3d at 493. However, the choice in this case is not between a court located in Columbus, Ohio and another court a significant distance away. Here, the choice is between two courthouses less than a mile apart. Thus, while OSC's choice to commence an action in this Court might be given deference over a forum in another state or even another city, there is no convenience

benefit to OSC to litigating in this Court as opposed to the Franklin County court down the street.

Second, Franklin County is an adequate alternative forum. As explained *supra*, all Defendants, including Hikida and MSPC, are amenable to process there, and all claims, including OSC's federal CFAA claim, can be fully litigated there.

Third, the private and public interests related to this case do not strongly favor either this Court or Franklin County. Because the two competing forums are located so close together, there is no discernable difference between the two courts in terms of access to witnesses and evidence, availability of compulsory process, or cost of obtaining witnesses. And as previously mentioned, both courts would apply Ohio law and have an interest in handling local controversies among local parties.

In sum, the Franklin County Common Pleas Court is just as appropriate a forum as the Southern District of Ohio. Were the claims against Hikida and MSPC the only claims at issue, the Court might well determine that judicial economy favored keeping the claims where they are, rather than having OSC commence a separate action in an another court. However, as OSC's claims against Henry are more appropriately litigated in Franklin County, judicial economy favors litigating OSC's claims against all Defendants in a single forum. *See Kresser*, 2016 WL 4991596 at *5 (judicial economy strongly favored transferring claims both subject and not subject to a forum selection clause); *Family Wireless #1, LLC v. Auto. Techs., Inc.*, No. 15-11215, 2015 WL 5142350, at *7 (E.D. Mich. Sept. 1, 2015) (same).

In the interest of avoiding duplicative litigation in multiple forums, and especially in light of OSC's refusal to offer any relevant counterargument to the forum non conveniens analysis, the claims against Hikida and MSPC must also be dismissed.

C.  **Defendants' counterclaims**

Finally, although not addressed by either party, Defendants' counterclaims must also be dismissed in the interest of judicial economy.  Otherwise, Defendants' counterclaims would be litigated in a separate forum from OSC's related claims.  Additionally, four of the five counts in Defendants' counterclaims relate to the interpretation of Henry's employment agreement with OSC.  As already determined *supra*, Henry's employment agreement contains a mandatory and enforceable forum selection clause specifying Franklin County Court of Common Pleas as the agreed-upon venue.  Presumably, as Defendants now seek to litigate the case in Franklin County, they would have filed their counterclaims there had OSC initially filed its complaint in Franklin County pursuant to the forum selection clause.  In any case, the Court sees no indication that Defendants oppose dismissal of their counterclaims at this time in favor of litigating them in Franklin County.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**.  OSC's Complaint and Defendants' Counterclaims are **DISMISSED**.

The Clerk shall remove Document 14 from the Court's pending motions list and close this case.

**IT IS SO ORDERED.**

 */s/ George C. Smith*  
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**