# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ORTHOPAEDIC & SPINE CENTER, LLC,**

    **Plaintiff,**

  v.                                  Case No. 2:16-cv-0893
                                        JUDGE GEORGE C. SMITH
                                        Magistrate Judge Chelsey M. Vascura

**JIMMY M. HENRY, M.D.,** *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter is before the Court upon the Motion for Attorney's Fees of Defendants Jimmy M. Henry, Midwest Spine and Pain Consultants, LLC, and Christina M. Hikida ("Defendants' Motion") (Doc. 29). The motion is fully briefed and ripe for disposition. For the following reasons, the Motion is **DENIED**.

### I.    BACKGROUND

Plaintiff Orthopaedic & Spine Center, LLC ("OSC") commenced this action on September 16, 2016, asserting claims against Defendants for (1) Ohio statutory misappropriation of trade secrets; (2) Ohio common law misappropriation of trade secrets; (3) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.* (the "CFAA"); (4) breach of Henry's employment contract with OSC; (5) breach of the duty of loyalty; and (6) conversion. (Doc. 1, Compl.). Defendants also asserted several counterclaims arising out of Henry's employment agreement and a confidentiality agreement between OSC and Hikida. (Doc. 6, Am. Answer and Countercl.).

Shortly thereafter, Defendants moved to dismiss OSC's claims under the doctrine of forum non conveniens. (Doc. 14, Mot. to Dismiss). Defendants based their forum non conveniens arguments on a forum selection clause in Henry's employment agreement naming the Court of Common Pleas for Franklin County, Ohio as the proper forum. (Doc. 1-1, Employment Agreement § 28). On December 6, 2017, the Court entered an Order and Opinion (the "Order") granting Defendants' motion to dismiss, finding the forum selection clause in Henry's employment agreement enforceable as to all claims by OSC against Henry (and to Defendants' counterclaims involving Henry's employment contract). (Doc. 27, Order). The Court also determined that, although the forum selection clause in Henry's employment contract did not apply to OSC's claims against Hikida and Midwest Spine and Pain Consultants, LLC ("MSPC") (or to Defendants' remaining counterclaims), judicial economy required that all claims in the action be adjudicated in Franklin County. (*Id.*).

Defendants now move for an award of attorney's fees based on the Court's determination that OSC commenced its action in the wrong court. (Doc. 29).

## II. DISCUSSION

Defendants assert they are entitled to attorney's fees based on (1) a fee-shifting provision of Henry's employment agreement and (2) the Court's inherent authority to award attorney's fees as a sanction for bad faith conduct. The Court will consider each ground in turn.

### A. Contractual right to attorney's fees

Defendants assert they are entitled to attorney's fees based on § 16 of Henry's employment contract with OSC, entitled "Responsibility to Bear Costs." (Doc. 1-1, Employment Agreement). That provision governs "any dispute arising out of the interpretation or enforcement of any of the provisions of this Agreement" and states that Henry "is responsible for and must pay his own costs, expenses, and attorney's fees," and that OSC "shall in no event be

2

liable for any such costs," unless Henry "is completely absolved of responsibility at the initial administrative or judicial level," in which case OSC is "liable for any costs, expenses and attorney's fees" related to the action. (*Id.*).

Defendants' argument is meritless because the Court's Order can in no way be construed as completely absolving Henry of responsibility. The sole issue before the Court was whether OSC had commenced its action in the proper court, and the Court expressly stated that it was not determining the merits in dismissing OSC's claims. (Doc. 27, Order at 5) ("[A] forum non conveniens dismissal denies audience to a case on the merits; it is a determination that the merits should be adjudicated elsewhere.") (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007)). As the Court did not consider Henry's liability, let alone absolve him of any liability, the fee-shifting provision of Henry's employment agreement is not triggered by the Order. Defendants are therefore not contractually entitled to attorney's fees.

**B.     Court's inherent authority**

In the absence of a contractual or statutory provision for fee shifting, the "American Rule" generally requires litigants (even successful litigants) to bear their own attorney's fees. *BDT Prod., Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 752 (6th Cir. 2010). An exception allows for an award of attorney's fees as a sanction for bad faith conduct by the opposing party under the Court's inherent authority. *Id.* Attorney's fees are properly awarded only if (1) the claims advanced were meritless, (2) counsel knew or should have known this, and (3) the motive for filing the suit was for an improper purpose such as harassment. *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997).

The Sixth Circuit has clarified that, as to the third prong, "the mere fact that an action is without merit does not amount to bad faith." *BDT Prod.*, 602 F.3d at 753. "Harassing the opposing party, delaying or disrupting litigation, hampering the enforcement of a court order, or

3

making improper use of the courts are all examples of the sorts of conduct that will support a finding of bad faith or improper purpose." *Id.* However, to avoid reading the third prong out of the *Big Yank* test, "these sorts of conduct cannot be demonstrated *solely* by the fact that a party knowingly pursued a meritless claim or action." *Id.* (emphasis in original).

Defendants argue that OSC's commencement of the action in this Court was tantamount to bad faith due to the forum selection clause in Henry's employment agreement. However, Defendants have not offered any evidence of bad faith or improper purpose beyond the fact that OSC commenced the action in the wrong court. All Defendants can offer in this regard is a statement that "the Parties have agreed to litigate in [Franklin County]" in the venue section of OSC's re-filed Complaint in Franklin County. (Doc. 31, Excerpt of State Court Complaint, ¶ 9). Even if a statement in the re-filed Complaint (dated January 4, 2018) could bear on OSC's state of mind in filing its original Complaint in this Court (on September 16, 2016), it still does not demonstrate bad faith or improper purpose beyond knowingly commencing the action in the wrong court.

Moreover, Defendants have continued their practice in the present Motion of lumping all Defendants together without recognizing the significance of Hikida and MSPC being non-parties to Henry's employment agreement. The Order expressly found that the forum selection clause was not applicable to OSC's claims against Hikida and MSPC. (Doc. 27 at 12). Although the Court ultimately determined that those claims should also be adjudicated in Franklin County on grounds of judicial economy, OSC had no obligation to assert those claims in Franklin County in the first instance. Therefore, asserting them in this Court is not demonstrative even of knowingly filing in the wrong forum, let alone bad faith in doing so.

## III.     CONCLUSION

In sum, Defendants have failed to demonstrate any contractual or inherent authority basis for an award of attorney's fees.  Defendants' Motion for Attorney's Fees is therefore **DENIED**.  The Clerk shall remove Document 29 from the Court's pending motions list.

**IT IS SO ORDERED.**

    */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**